UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN TAWFIK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02946-JSC<br><br>**ORDER RE DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT**<br><br>Re: Dkt. No. 35 |

　　　　Before the Court is an unopposed motion for entry of final judgment filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"). (Dkt. No. 35.) On August 26, 2020, this Court granted Chase's motion to dismiss with prejudice. (Dkt. No. 34.) Because "no claims remain" and "there are no just reasons to delay entry of judgment," Chase moves for entry final judgment on the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 35 at 3.) Having considered the parties' submissions and determined that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), the Court VACATES the October 8, 2020 hearing and GRANTS Chase's motion for entry of final judgment.

　　　　Federal Rule of Civil Procedure 54(b) provides for entry of final judgment where there are multiple parties or claims and a court has resolved fewer than all claims. A district court has broad discretion to determine whether the entry of final judgment under Rule 54(b) is appropriate. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). In making its decision, a court must first find that that the judgment at issue is "final in the sense that it is an ultimate disposition of an individual claim in the course of a multiple claims action." *Id.* at 7 (internal quotations and citations omitted). "Once having found finality, the district court must go on to determine whether there is any just reason for delay[.]" *Id.* at 8 (internal quotations and citation omitted). To determine if there is any just reason for delay, a court considers whether the claims under review

1  "[are] separable from the others remaining to be adjudicated and whether the nature of the claims
2  already determined [is] such that no appellate court would have to decide the same issues more
3  than once even if there were subsequent appeals." *Id.*  A court also considers the equities
4  involved.  *Id.*

5  The Court dismissed all claims against Chase with prejudice.  (Dkt. No. 34 at 15.)  This is
6  an "ultimate disposition" of all claims against Chase in an action with multiple parties and claims.
7  *Curtiss-Wright*, 446 U.S. at 7.  Furthermore, there is no just reason to delay the entry of final
8  judgment.  Entry of final judgment serves judicial administrative interests.  *Id.* at 8.  Because, for
9  instance, Plaintiffs' claims against Chase are based on a separate loan instrument and property
10 from the other defendants, Plaintiffs' claims against Chase are "separable from the others
11 remaining to be adjudicated," and therefore entry of final judgment would not disturb "the historic
12 federal policy against piecemeal appeals." *Id.* at 8 (internal quotations and citation omitted).  The
13 equities also weigh in favor of granting Chase's motion.  Plaintiffs do not oppose the entry of
14 judgment, nor have they identified any prejudice they would face as a result of entry of final
15 judgment.  *See United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave.,*
16 *Berkeley, California*, No. 13-CV-02027-JST, 2014 WL 4793655, at *3 (N.D. Cal. Sept. 25, 2014)
17 (holding that the equities "point[ed] clearly" in favor of granting Rule 54(b) motion where the
18 motion was unopposed because "no other party is concerned that it would be prejudiced by entry
19 of final judgment").

20 Accordingly, as a matter of this Court's discretion, Chase's motion for entry of final
21 judgment is GRANTED.

23 **IT IS SO ORDERED.**

24 Dated: September 25, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2